STAMPS *v.* BELL, Adm'r.

ADMINISTRATION. *Filing of claim. Withdrawal of. Is no abandon-
    ment. When.* Where a claim is filed in time, but is withdrawn
    because of the administrator's false representations of the es-
    tate's solvency, this is no abandonment, and the claim should
    be allowed if re-filed before distribution of assets.
Cases cited: Mohlier *v.* Zimmerman, 5 Hum., 62; Rains *v.*
    Rainey, 11 Hum., 261.

---

FROM LINCOLN.

---

Appeal from the Chancery Court.    A. S. MARKS,
Chancellor.

LAMB & TILLMAN for Stamps.

CARRIGAN & MOONEY for Bell.

Jo. G. CARRIGAN for minors.

SNEED, J., delivered the opinion of the Court.

The complainant held a promissory note executed
by the firm of Robinson & Moore.    The defendant
is the administrator of Robinson, who died after the
execution of the note.    The defendant qualified as
the administrator in March, 1866, and suggested the
insolvency of said estate in the following month of
April.   Upon said suggestion a notice was given
thereof under the statute, and the claims against said
estate directed to be filed by or before the 19th of
October, 1866.    The complainant filed his claim, and

record thereof was made in the office of the County Court Clerk on the 12th of October, 1867. At that time the debts had not been paid and the funds were yet in the hands of the administrator. The bill is filed to enforce the payment of the complainant's claim. The bill charges the foregoing facts, and that the complainant, after filing his said claim, had a conversation with the defendant touching the solvency of said estate, in which the defendant stated to the complainant that said estate would pay very little, and that the money then due on said note might be paid by Moore, the surviving partner of defendant's intestate. The complainant thereupon withdrew the note from the files, with a view to collect what he could of Moore, the surviving partner. The note was thus withdrawn on the 12th of December, 1868, and in the following month the defendant paid and discharged claims then on file, amounting to less than $300, which left a balance on his hands of $980. The complainant failed to collect any portion of said note from Moore, then a citizen of Alabama, and he re-filed the same on the 5th of November, 1869, and demanded payment, which was refused. The answer of the defendant admits the conversation with complainant touching the solvency of said estate, but the defendant says he does not remember the purport thereof, and there was no proof on this point. He denies, however, all intention to mislead or defraud the complainant. The Chancellor was of opinion that the withdrawal of the note from the file was an

abandonment of the claim as against the defendant's intestate, and decreed accordingly, dismissing the bill and taxing the complainant with the costs. Under the circumstances of the case we think the withdrawal of the claim for the purpose indicated was not an abandonment thereof, and being filed again before a final distribution of the funds, it should have been allowed. This Court has said that the insolvent laws are to be construed so as to advance the remedy intended by them. The evil to be suppressed was the power given by law to a vigilant and active creditor to appropriate all the effects of an insolvent estate to his own claim, to the exclusion of other creditors of equal merits, but of less rapacity or astuteness, and the remedy is to compel a *pro rata* distribution in such cases. 5 Hum., 62; 11 Hum., 261. In this case, whether involuntarily or otherwise, the complainant was misled by the representations of the defendant of the hopeless insolvency of the estate and without any express intention to abandon his claim against the estate, he seeks its satisfaction out of the surviving partner. In this course he was certainly doing the estate no disfavor, and as the estate turns out at last to be insolvent, and he re-files the claim before distribution, it should have been allowed.

Reverse the decree and remand the cause.